UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEREMIAH FOLSOM HERBERT,

                         Plaintiff,

-against-

SERGANT J. GEORGE, 7AM to 3PM SHIFT, et al.,

                         Defendants.

**ORDER OF SERVICE**

7:24-CV-1780 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

      Plaintiff Jeremiah Folsom Herbert, who is currently incarcerated in the Attica Correctional Facility, brings this action *pro se*, under 42 U.S.C.§ 1983, seeking damages. Plaintiff's claims arise from events that Plaintiff alleges occurred while he was incarcerated in the Sing Sing Correctional Facility ("Sing Sing"). He names as defendants: (1) Sing Sing Correctional Sergeant J. George; (2) Sing Sing Correctional Sergeant Johnson; (3) Sing Sing Correctional Officer M. Salas; (4) Sing Sing Correctional Sergeant Ridely; and (5) Sing Sing Correctional Officer Camron.

      By order dated March 8, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] The Court: (1) directs service on the defendants by the United States Marshals Service; (2) directs the defendants to comply with Local Civil Rule 33.2 within 120 days of service; and (3) denies Plaintiff's motion for the appointment of counsel (Doc. 5) without prejudice to Plaintiff's filing an application for the court to request *pro bono* counsel at a later date.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## DISCUSSION

A.  **Service on the defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the United States Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the defendants through the United States Marshals Service, the Clerk of Court is instructed to fill out a United States Marshals Service Process Receipt and Return form ("USM-285 form") for each defendant. The Clerk of Court is further instructed to issue a summons for each defendant and deliver to the United States Marshals Service all of the paperwork necessary for the Marshals Service to effect service of a summons and complaint upon each defendant.

If a summons and the complaint are not served on each defendant within 90 days after the date that the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the complaint on each of the defendants until the Court reviewed the complaint and ordered that summonses for the defendants be issued. The Court therefore extends the time to serve the defendants until 90 days after the date that summonses for the defendants are issued.

B.  **Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of the date of service, the defendants must serve responses to those standard discovery requests. In their responses, the defendants must quote each request verbatim.[3]

C.  **Motion for the appointment of counsel**

Plaintiff submitted a motion for the appointment of counsel. (Doc. 5). The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, his efforts to obtain a lawyer, and his ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits is "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Even if a court does believe that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989).

Because it is too early in the proceedings for the Court to assess the merits of Plaintiff's claims, the Court denies Plaintiff's motion for the appointment of counsel (Doc. 5) without prejudice to Plaintiff's filing an application for the court to request *pro bono* counsel at a later date.

---

[3] If Plaintiff would like copies of those discovery requests before receiving those responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this Order and an information package to Plaintiff.

The Court also directs the Clerk of Court to issue summonses for the defendants; complete USM-285 forms with the service addresses of the defendants; and deliver all documents necessary to effect service of the summonses and the complaint on the defendants to the United States Marshals Service.

The Court further directs the defendants to comply with Local Civil Rule 33.2 within 120 days of service.

The Court denies Plaintiff's motion for the appointment of counsel (Doc. 5) without prejudice to Plaintiff's filing an application for the court to request *pro bono* counsel at a later date. The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 5.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated: April 8, 2024
White Plains, New York

_____
HON. PHILIP M. HALPERN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Correctional Sergeant J. George
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562-5442

2. Correctional Sergeant Johnson
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562-5442

3. Correctional Officer M. Salas
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562-5442

4. Correctional Sergeant Ridley
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562-5442

5. Correctional Officer Camron
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, New York 10562-5442