UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JEREMIAH FOLSOM HERBERT,
                        Plaintiff,

v.

                                     **ORDER**

GEORGE, et al.,
                                     24-CV-01780 (PMH)

                       Defendants.
----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

       The Court is in receipt of *pro se* Plaintiff's request for the appointment of *pro bono* counsel. (Doc. 39). For the following reasons, Plaintiff's application is denied.

       Unlike in criminal proceedings, in civil cases, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(l), the Court may, at its discretion, order that the *Pro Se* Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's *pro bono* panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007). The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if that threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test

veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61-62).

In his application, Plaintiff notes that he lacks legal knowledge, that the case is complex, and that he seeks discovery from defendants. However, this action is still in its early stages. Defendants filed a motion to dismiss the Complaint on October 25, 2024 (Docs. 31, 32, 35), and Plaintiff filed opposition to the motion (Docs. 30, 34). The Court has not yet adjudicated the motion to dismiss. At this early stage in the proceedings, there is no indication that Plaintiff's position seems likely to be of substance or that there are particularly complex issues requiring the appointment of *pro bono* counsel. The Court is also unable to determine that Plaintiff is unable to handle this case without assistance, although this conclusion may change as the action continues. Therefore, because the Court does not find any circumstances which warrant the appointment of *pro bono* counsel at this time, Plaintiff's application must be denied without prejudice to renew it at a later stage in the proceedings. Plaintiff is advised, however, that even if a future application for *pro bono* counsel is granted, there are no funds to retain counsel in civil cases, the Court relies on volunteers, and there is no guarantee that a volunteer attorney would decide to take the case. Accordingly, Plaintiff would have to be prepared to proceed with the case without an attorney.

For the foregoing reasons, Plaintiff's Application for the Court to Request Counsel is denied. Denial of Plaintiff's request is without prejudice to Plaintiff's renewed application later in the case. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Counsel for Defendants is instructed to mail a copy of this Order to Plaintiff and file proof of service on the docket. The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 39.

SO-ORDERED:

Dated: New York, New York
       January 21, 2025

_____
Philip M. Halpern
United States District Judge

3